## C. B. POLHEMUS, Respondent, v. DELOS R. ASHLEY, Appellant.

### No. 3675; January 13, 1874.

**Vendor and Vendee—What Constitutes Contract of Sale.**—In a negotiation, by means of letters and telegrams, for a purchase of lands, the words, "but in case you desire both I shall assent," from a vendor reluctant to dispose of but one of two parcels, followed by the words, "let me know at once," comprise an offer of both parcels, and, if accepted immediately, there is completed a contract for selling the two.

APPEAL from Fourth Judicial District, San Francisco County.

McCullough & Bird for respondent; John B. Felton and E. B. Mastick for appellant.

RHODES, J.—The only ground of the defendant's motion for a new trial is that the letters and telegrams in evidence do not constitute a written contract for the sale of the lands. We agree with the court below in holding that those letters and telegrams do contain all the requisites of a valid contract of sale. The tracts of land and the prices are sufficiently specified. The law implies that the deed or deeds are to be executed and the money paid in a reasonable time if the parties agreed, the one to sell and the other to purchase the lands at the prices mentioned. In the letter of June 26, 1868, the defendant says that he would accept the plaintiff's offer for the ranchos if he knew they were not rented—that he "did not wish to get into any trouble by selling, and then having a lessee claiming rights." The plaintiff telegraphed July 21, 1868: "Will take ranchos subject to lease. Your coming here not necessary. Will forward deed for signature to Nevada, arranging payment there on delivery of deed. Will this be satisfactory. Answer." On the 27th of August, 1868, the defendant answered: 'I have been loath to sell those ranchos in Monterey, and hence have been negligent in answering you the telegram. I should prefer to sell only the San Miguelito, retaining the Ojitos, but, in case you desire both, shall assent. In case you desire to proceed with the matter, let me know at once, and I will visit San Francisco." The plaintiff, on September 2, 1868, sent in reply the following telegram: "I want both ranchos. Am ready to consummate the purchase"; and on the same day he wrote a letter confirming the telegram. The letter of August 27th contained an offer to sell both ranchos at the prices formerly mentioned by the defendant, if the plaintiff desired to purchase both of them. The defendant is not to be understood, by that letter, as saying that if the plaintiff would accept the offer he (the defendant) would assent to the sale. No assent on his part was needed if the plaintiff accepted the offer. The meaning of the words, "but in case you desire both, shall assent," when read in connection with the context

and construed in the light of the correspondence between the parties, is, that if the plaintiff will purchase both ranchos (the prices having previously been agreed upon), he, the defendant, will sell them to him. Nothing further was left to be done, after the plaintiff by telegram and letter accepted the offer, except to execute the deed and pay the money.

Judgment and order affirmed as of July 1, 1873. Remittitur forthwith.

We concur: Wallace, C. J.; Niles, J.; McKinstry, J.; Crockett, J.